# Mikowski v. Poalillo

C.P. of Monroe County, nos. 9725 Civil 1997, 1255 Civil 1998, and 4377 Civil 1998 (consolidated case).

*Richard J. Orloski,* for plaintiff.
*Sean P. McDonough* and *Jude Quinn,* for Stroud Township.
*Joseph Van Jura,* for Sheeley Insurance Agency.
*John Clary,* for Ocasco Budget Inc.
*David Williamson,* for Poalillo.

CHESLOCK, *J.,* January 15, 2002—These proceedings involve three consolidated actions in declaratory judgment. An automobile accident occurred on June 29, 1995, between Charles Poalillo and Michael Mikowski. Poalillo and Pocono Modern Paving & Excavating purchased a comprehensive commercial insurance package from Ohio Casualty Group Insurance Company, through an independent agent of Ohio Casualty, namely Sheeley Insurance Agency.

Although this package policy included other lines of insurance, the only one we are presently concerned with is the automobile liability insurance coverage for the period of time from April 10, 1995 through April 9, 1996.

There were collateral issues addressed at the hearing concerning this matter, however, the only real contro-

versy is whether or not Poalillo/Pocono Modern had automobile insurance for the accident that occurred on June 29, 1995. The hearing was held on November 28, 2001 and all the parties have submitted briefs and proposed findings of fact and conclusions of law. We are now prepared to enter the adjudication.

## FINDINGS OF FACT

(1) Poalillo/Pocono Modern negotiated with Sheeley to obtain a commercial insurance policy for a premium of $70,238, which was paid in full on April 10, 1995, by a series of payments as follows: (1) $14,000 paid by Poalillo/Pocono Modern to Sheeley; (2) $48 reduction in broker's commission and (3) $56,190 by a credit voucher for Ocasco Budget Inc. to Ohio Casualty.

(2) Ocasco is a wholly owned subsidiary of Ohio Casualty, both doing business at the same address in Hamilton, Ohio.

(3) Ocasco provided the premium financing in connection with this matter and as security for payment obtained a power of attorney from Poalillo to effect the cancellation of the policy if the premiums were not paid in a timely fashion.

(4) After the original payment of $14,000 by Poalillo to Sheeley, Poalillo was then to make monthly installments of $5,108.19 to Ocasco.

(5) The first installment due from Poalillo to Ocasco was due May 2, 1995, which was not made in a timely fashion. Ocasco sent out installment due notices to Poalillo on May 9, 1995 and May 18, 1995.

(6) A check in the amount of $5,108.04 was sent by Poalillo to Ocasco on or about May 23, 1995, but was eventually returned for insufficient funds.

(7) On June 7, 1995, a notice of cancellation was sent to Poalillo/Pocono Modern, indicating that Ocasco would request cancellation within three days (June 10, 1995) pursuant to their power of attorney.

(8) On or about June 15, 1995, Poalillo sent a certified check in the amount of $5,000 to Ocasco, which was received and credited to the Poalillo/Pocono Modern account by Sara Wilson, a supervisor at Ocasco.

(9) On or about June 19, 1995, a cancellation status notice was sent by Ocasco to Poalillo stating that the policy of insurance had been cancelled.

(10) The motor vehicle accident between Poalillo and Mikowski occurred on June 29, 1995.

(11) Subsequent to the accident, Poalillo sent checks to Ocasco that were either not cleared by the bank or not cashed by Ocasco.

(12) On July 24, 1995, Ohio Casualty processed the cancellation of the policy effective June 10, 1995.

(13) If insurance coverage was provided on a pro-rata basis for actual payments to Ocasco, the insurance contract would have been in force until July 3, 1995. On or about November 2, 1995, Ohio Casualty sent Poalillo/ Pocono Modern a refund of $4,379.96.

## DISCUSSION

The key question in this controversy is the affect of the $5,000 payment made by Poalillo/Pocono Modern on or about June 16, 1995. Equitable estoppel arises when someone by their actions, representations, admissions or by silence, induces another to believe certain facts and the person relies on the beliefs formed by those acts.

*Tallarico Estate,* 425 Pa. 280, 228 A.2d 736 (1967). Poalillo/Pocono Modern relied upon representations made by Sheeley to continue making payments even after the June 10, 1995 termination date. Even though the said payment did not pay the policy current, clearly the $5,000 payment which was accepted by Ocasco was to pay for something. After that payment Poalillo relied upon the silence of Ocasco in not obtaining new insurance.

The initial $14,048 payment, plus the $5,000 payment on June 16, 1995, represent more than 25 percent of the total insurance cost for one year. On a pro-rata basis Poalillo/Pocono Modern would be covered until July 3, 1995. According to Sheeley, an insurance underwriter would normally reinstate a policy with late payments. Once the accident of June 29, 1995, became known, neither Ohio Casualty nor Ocasco would honor any reinstatement.

An insurer's acceptance of some, but less than all of the premiums which are delinquent, will not of itself operate as a waiver of the company's right of forfeiture for lapse of premiums. *Panizzi v. State Farm Mutual Auto Insurance Company,* 386 F.2d 600, *cert. denied,* 88 S.Ct. 2308 (1967). However, an insurer's acceptance of a late premium payment implies a waiver of its right to declare a forfeiture from the date of that acceptance. *Schifalacqua v. CAN Insurance,* 567 F.2d 1255 (1977). If Ocasco's notice of termination as of June 10, 1995 was to remain in effect, it should have returned the $5,000 cashier's check to Poalillo/Pocono Modern even though the amount was not sufficient to pay the policy up to date.

## CONCLUSIONS OF LAW

(1) There was a commercial insurance package in force and effect between Poalillo/Pocono Modern and Ohio Casualty from April 10, 1995 through July 3, 1995.

(2) Poalillo/Pocono Modern paid a total of $19,048 for the aforesaid coverage.

(3) The cancellation of Ocasco on July 24, 1995, was effective on that day rather than being retroactive to June 10, 1995.

(4) Ohio Casualty/Ocasco is estopped from seeking declaratory judgment canceling the Poalillo/Pocono Modern insurance coverage.

## ORDER

And now, January 15, 2002, Poalillo/Pocono Modern is entitled to declaratory judgment that it is due coverage and a defense by Ohio Casualty of all claims arising out of the accident that occurred on June 29, 1995.